UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARIA COLON,
  Plaintiff,

v.

HOTEL PARADISUS SOL MELIA,
ET AL.,
  Defendants.

Civil No. 05-1754(HL)

**ORDER**

    Plaintiff Maria Colon ("Colon") brings this diversity tort action against Hotel Paradisus Sol Melia ("Hotel Paradisus") to recover monetary damages for a slip and fall that occurred on the premises of Hotel Paraidsus on July 10, 2004. Pending before the Court is Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Docket No. 14). In its Motion to Dismiss, Hotel Paradisus argues this Court lacks subject matter jurisdiction inasmuch as the amount in controversy does not meet the jurisdictional requirement. Defendant maintains that although the complaint made a prima facie showing of federal jurisdiction by alleging diversity of citizenship and damages in excess of $630,000.00, discovery has revealed that actual facts prevent the plaintiff from fulfilling the jurisdictional minimum amount in controversy.

    To determine whether a cause of action satisfies the jurisdictional minimum, the Supreme court set out a test in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). The general rule is that unless the law provides otherwise, the amount claimed by a plaintiff controls as long as it is made in good faith. *Id.* at 288. Therefore, a court can only dismiss an action for insufficiency of amount in controversy only if "it is apparent, to a legal certainty...that the plaintiff never was entitled to recover" an amount equal to the jurisdictional minimum. *Id.*

2

Turning to the present case, there is no indication that the sum claimed in the complaint by the plaintiff was not made in good faith.  Further, it does not "appear to a legal certainty" that Plaintiff's claims are "really for less than the jurisdictional amount." *See St. Paul Mercury Indemnity Co.,* 303 U.S., at 289.  Plaintiff's complaint alleges that while attending at wedding at Hotel Paradisus, she abruptly fell after stepping on a broken brick in the pathway leading towards the gazebo.  As a result of her fall, Colon suffered right tibiotalar joint inversion, among other injuries.  She has completed various medical treatments, yet continues to have a limited range of motion and can no longer perform certain daily activities such as walking long distances, exercising and dancing.  Colon was ultimately diagnosed with a five percent permanent impairment of her general physiological functions.

Given the plaintiff's permanent physical impairment, her medical treatment, and the claimed pain and suffering, the Court cannot find to a legal certainty that Colon could not recover a jury award larger than $75,000.  *See Rosario Ortega v. Star-Kist Foods, Inc*. 370 F.3d 124, 129 (1st Cir. 2004) (finding a young plaintiff met jurisdiction amount where evidence illustrated a 3% partial impairment of functioning hand, corrective surgery and claimed pain, along with medical prognosis that injury could become worse with time.); *See Stewart v. Tupperware Corp.*, 365 F.3d 335, 340 (1st Cir. 2004) (plaintiff met jurisdictional minimum where evidence suggested permanent impairment, suffering non-trivial pain, and emotional damages of having to spend honeymoon in a hospital).  Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is denied.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 31, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge